UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEW SUNSHINE LLC, et al.,            ) | |
| )                                                       | |
| **Plaintiffs,**    ) | |
| )                                                       | |
| v.                    ) | Cause No. 1:15-cv-825-WTL-DML |
| )                                                       | |
| WILLIAM E. GALLAGHER, et al.,    ) | |
| )                                                       | |
| **Defendants.**    ) | |

### ENTRY ON MOTION FOR TEMPORARY RESTRAINING ORDER

This cause is before the Court on the Plaintiffs' Motion for a Temporary Restraining Order (Dkt. No. 5). The Court **DENIES** the motion for the following reasons.

The relevant facts are as follows. The Defendants purchased in excess of $330,000.00 worth of products from the Plaintiffs, using a credit card.[1] The Plaintiffs allege that the products were shipped to the Defendants, and that the Defendants received them. The Defendants allege that they never received the products; they thus cancelled their credit card charges, resulting in charge back notifications being sent to the Plaintiffs. In their brief, the Plaintiffs argue that the "credit card charges initially incurred by Defendants and intended for Plaintiffs remain potentially subject to additional improper charge backs by [the Defendants], which would further damage Plaintiffs for up to a total of . . . $330,000." Dkt. No. 6 at 3. Thus, the Plaintiffs request that "the Court grant a temporary restraining order . . . enjoining Defendants . . . from further damaging Plaintiffs by producing or maintaining credit card charge backs or otherwise

---

[1] The Plaintiffs also allege that the Defendants owe them approximately $1.1 million pursuant to a distributorship agreement and promissory notes.

preventing Plaintiffs from receiving from credit card companies the payments previously charged by Defendants and due to Plaintiffs[.]" *Id.* at 5.

The Plaintiffs' motion is brought pursuant to Federal Rule of Civil Procedure 65(b), which provides that a "court may issue a temporary restraining order . . . if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant[.]" *See Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 944 (7th Cir. 2006) ("Preliminary relief is properly sought only to avert irreparable harm to the moving party.").

The Court finds that the Plaintiffs have failed to show that irreparable harm will result without the temporary restraining order. The Plaintiffs allege that "[i]mmediate and irreparable injury . . . will result to Plaintiffs" and that any "delay in granting the relief sought herein will likely produce even more additional charge backs . . . thus further irreparably damaging Plaintiffs, who are unlikely to otherwise receive due payment for the products they have already shipped to [the Defendants]." Dkt. No. 5 ¶ 8. The problem is that the injury or damage to the Plaintiffs is in the form of money. *See id.* ¶ 3 (noting that there is a "risk of further charge backs, up to and including as much as $330,000 or more, in total, all of which increases further the total account receivable balance due to Plaintiffs—***if unremedied***—before interest, fees and costs."); *see also* Dkt. No. 16 at 6 ("The harm described is by its very nature 'compensable in money.'"). As many courts have noted, "[a]n injury compensable in money is not 'irreparable,' so an injunction is unavailable." *Classic Components Supply, Inc. v. Mitsubishi Electronics Am., Inc.*,

841 F.2d 163, 164 (7th Cir. 1988). Simply put, there has been no showing made by the Plaintiffs that they will suffer irreparable harm without a temporary restraining order.[2]

The Court also notes the fact that "the parties have agreed that Plaintiffs' legal remedies for [the Defendants'] breach of the Agreement are inadequate" is not dispositive. Dkt. No. 6 at 5; *see* Dkt. No. 1-1, Exh. A, section 5.5 ("Any violation or threatened violation of this Agreement by Distributor will cause the Company to suffer irreparable harm for which there will be no adequate remedy at law."). Courts "characteristically hold that [such stipulations] alone are insufficient to support a finding of irreparable harm and an award of injunctive relief." *Domino Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1266 (10th Cir. 2004); *see also Smith, Bucklin & Assocs. v. Sonntag*, 83 F.3d 476, 481 (D.C. Cir. 1996) ("Although there is a contractual provision that states that the company has suffered irreparable harm if the employee breaches the covenant and that the employee agrees to be preliminarily enjoined, this by itself is an insufficient prop.").

For the reasons set forth above, the Plaintiffs' Motion for a Temporary Restraining Order (Dkt. No. 5) is **DENIED**.

SO ORDERED: 6/4/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[2] Courts have recognized certain situations "where a temporary loss of funds could be irreparable: where damages would come too late to save the plaintiff's business; where the plaintiff may not be able to finance the suit; where the defendant is judgment proof; and where the nature of the loss makes damages d[i]fficult to calculate." *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1018 (7th Cir. 1990). The Plaintiffs have failed to allege facts to support any of these situations.